UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-cv-24674-JLK

LYNN CONE, *as Personal Representative
of the Estate of LYNN WEATHERSPOON
and on behalf of LYNN CONE;*
MARY WEATHERSPOON;
ERIN WEATHERSPOON; *and*
LYNTRELL WEATHERSPOON, *as survivors*,

    Plaintiff,

v.

MANUEL OROSA, MAURICE SODRE,
and THE CITY OF MIAMI,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant City of Miami's Motion to Dismiss the Amended Complaint (D.E. 11), filed January 30, 2014. The Court is fully briefed on the matter.[1]

### I. BACKGROUND

This is a Florida law and 42 U.S.C. § 1983 action stemming from an officer-involved shooting in the Overtown area of Miami, Florida on January 1, 2011. Plaintiff is the father of Lynn Weatherspoon ("the Decedent"), who was allegedly killed by an

---

[1] Plaintiff filed a Response on February 9, 2014 (D.E. 13) to which Defendant Replied on February 19, 2014 (D.E. 14).

officer on January 1, 2011. Plaintiff brings this action as the personal representative for the Decedent's estate and on behalf of various survivors. D.E. 6 ¶ 8. Defendants are the City of Miami, Chief Manuel Orosa of the City of Miami Police Department, and Officer Maurice Sodre of the City of Miami Police Department. Plaintiff filed the case on December 30, 2013 (D.E. 1) and filed the operative Amended Complaint ("the Complaint") on January 2, 2014 (D.E. 6). The instant Motion filed by the City of Miami seeks to dismiss the Complaint.[2] The City of Miami is sued in its capacity as the City of Miami Police Department (D.E. 6 at ¶ 11) and will hereinafter be referred to as "the City."

## II. LEGAL STANDARD

In deciding a motion to dismiss, the Court must accept a complaint's allegations as true and construe them in the light most favorable to the Plaintiff. *See M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). Under

---

[2] Officer Sodre has not responded and there is no proof of service on the docket. Plaintiff has 120 days from the date of the Complaint to serve Officer Sodre. *See* Fed. R. Civ. P. 4(m). Chief Orosa filed an Answer and Affirmative Defenses.

the heightened pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v Twombley*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2010), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show relief and "more than labels and conclusions…a formulaic recitation of the elements of a cause of action will not do." *Id.*

### III. ANALYSIS

**A. § 1983 Claims**

*i. §1983 Claim and Fourteenth Amendment Violations*

Defendant raises concern that paragraph two of the Complaint states the action alleges violations of the U.S. Constitution's Fourth and Fourteenth Amendments. The Supreme Court has held that all claims against law enforcement officers for excessive force should be analyzed under the Fourth Amendment's reasonableness standard and not the Fourteenth Amendment's due process standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Accordingly, to the extent that the Complaint seeks relief for excessive force in violation of the Fourteenth Amendment, the Court finds no such relief is permissible.

*ii. Count I: Excessive Force*

Count I alleges that Defendants Sodre and the City violated the Decedent's Fourth Amendment right to be free from excessive force. D.E. 6 at ¶ 46. The only allegations against the City are that the City had "no basis for seizure" of the Decedent and created a

3

specialized unit of which Defendant Sodre was a member on the night in question. *Id.* at ¶¶ 48, 52.

It is well established that there is no *respondeat superior* liability under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). A municipality can only be sued under § 1983 when it is the execution of a policy or custom that "inflicts the injury." *Monell*, 436 U.S. at 694. Thus, Count I does not present a proper suit against the City. Defendant Sodre's alleged lack of reasonable basis for his use of force cannot be challenged against the City as a § 1983 violation. Therefore, as against the City, Count I is dismissed with prejudice.

### iii. Count II: Deliberate Indifference

Count II alleges the City was deliberately indifferent in having policies in force that violated the Fourth Amendment. D.E. 6 at ¶ 73. Defendant originally moved to dismiss the Complaint for lack of factual support. In his Response, Plaintiff attaches Department of Justice findings stating that the Department believes, "that [the City of Miami Police Department] engages in a pattern or practice of excessive use of force with respect to firearm discharges." D.E. 13-1 at ¶ 1. In light of that, in its Reply, Defendant withdrew this portion of its Motion.

A well-supported Response does not make a well-pled Complaint. The Complaint does not contain sufficient factual support for its allegations. The Department of Justice findings attached to Plaintiff's Response are neither contained in nor referenced to in the

4

Complaint. Accordingly, Count II is dismissed without prejudice to re-plead the claim with sufficient factual support.

## B. Florida State Law Claims

### i. Florida Wrongful Death Act

Plaintiff brings three state law claims against the City: Count III alleges Wrongful Death, Count IV brings a claim of battery, and Count V seeks damages for direct negligence.[3] Defendant argues Plaintiff's battery and negligence claims merge into the wrongful death claim under Florida's Wrongful Death Act, Fla. Stat. §768.16-768.26 (2014). Plaintiff argues each of the counts are permissible because they are pled as alternatives.

Florida's survival statute, Fla. Stat. § 46.021 (2014), preserves the right to bring personal injury actions which the decedent may have brought prior to his death only when the personal injury was not the cause of death. *Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1219 (M.D. Fla. 2011) (citing *Martin v. United Sec. Servs., Inc.*, 314 So.2d 765, 770 n. 18 (Fla. 1975)). Under the Florida Wrongful Death Act, "When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Fla. Stat. § 768.20 (2014). The Florida Supreme Court has upheld the Wrongful Death Act as constitutional, holding "no separate statutory action for personal injuries resulting in

---

[3] Count IV is incorrectly labelled Count VI in the Complaint. D.E. 6 at 14.

5

death can survive the decedent's demise." *Martin*, 314 So.2d at 770. Although Plaintiff states he "acknowledges" *Martin*'s holding, he does not distinguish the case.

The Complaint alleges that the battery and the negligence each resulted in Decedent's death. D.E. 6 at ¶¶ 92, 102. Accordingly, the battery and negligence claims are wrongful death actions premised on different theories of tort liability. Thus, under Florida law, the claims for battery and negligence cannot stand as independent causes of action and Counts IV and V must be dismissed with prejudice.

### ii. *Statute of Limitations*

Although not raised by any party, the Court has identified a potential problem with the statute of limitations. In Florida, a wrongful death action against a state agency or subdivision must be brought within two-years of when the action accrued. Fla. Stat. § 768.28(14) (2014); § 95.11(4)(d) (2014). A municipality is a state agency or subdivision for purposes of this statute. Fla. Stat. § 768.28(2) (2014). Decedent passed away on January 1, 2011. D.E. 6 at ¶¶ 22, 26. This case was filed on December 30, 2013, almost three years after the death. D.E. 1.

Prior to bringing a tort action against a state agency or subdivision, a party must comply with certain pre-suit requirements. In a wrongful death action, these requirements include presenting a claim to Florida Department of Financial Services within two years after the claim accrues. Fla. Stat. §768.28(6)(a)(2) (2014). The statute of limitations is tolled during the time it takes the Department to reach a decision. Fla.

6

Stat. § 768.28(6)(d) (2014). If no decision is reached in a wrongful death case within ninety days, the decision is deemed a final denial of the claim. *Id.*

Plaintiff alleges that he complied with the conditions precedent to bringing this action and cites "Exhibit B." D.E. 6 at ¶ 7. No such exhibit is attached. The Complaint presents no facts that allege the wrongful death claim has been timely filed; as is currently pled, this case was filed one year beyond the two-year statute of limitations. Accordingly, Count III must be dismissed without prejudice to properly plead that the statute of limitations does not bar this action and to show compliance with Fla. Stat. § 768.28.

## IV. CHIEF OROSA

Defendant Chief Orosa filed an Answer and Affirmative Defenses. As his first affirmative defense, Defendant Orosa states, "Plaintiff fails to state a cause of action upon which relief can be granted against this Defendant." D.E. 12 at ¶ 103.

This is not a proper affirmative defense. An affirmative defense is a defense which "*admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis in original). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Defendant Orosa did not file a Motion to Dismiss

However, the Complaint does, in fact, fail to state a cause of action against Defendant Orosa. Although he is sued in his individual capacity under 42 U.S.C. § 1983,

7

none of the Counts allege any action taken by Orosa. The only allegations concerning him are that he was the chief of police at the time of Decedent's death, is a "person" as defined in § 1983, and is sued in his individual capacity. D.E. 6 at ¶ 13. This is far from sufficient to state a cause of action against Defendant Orosa. Accordingly, the Amended Complaint against Defendant Orosa must be dismissed. Plaintiff will be granted leave to file a new pleading containing sufficient allegations against Defendant Orosa.

## V. CONCLUSION

Accordingly, upon a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Defendant City of Miami's Motion to Dismiss the Amended Complaint (**D.E. 11**), be, and the same is, hereby **GRANTED**;

2. **As against Defendant City of Miami, Count I** of Plaintiff's Amended Complaint (**D.E. 6**) is hereby **DISMISSED with prejudice**;

3. **Count II** of Plaintiff's Amended Complaint (**D.E. 6**) is hereby **DISMISSED without prejudice**;

4. **Count III** of Plaintiff's Amended Complaint (**D.E. 6**) is hereby **DISMISSED without prejudice**;

5. **Count IV** of Plaintiff's Amended Complaint (**D.E. 6**) is hereby **DISMISSED with prejudice**;

6. **Count V** of Plaintiff's Amended Complaint (**D.E. 6**) is hereby **DISMISSED with prejudice**;

7. **As against Defendant Orosa** Plaintiff's Amended Complaint (**D.E. 6**) is hereby **DISMISSED** without prejudice; and

8. Plaintiff has **twenty (20) days** from the date of this Order to file a Second Amended Complaint in accordance with this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 7th day of April, 2014.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record