UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-24674-CIV-KING

LYNN CONE, as Personal
Representative of the Estate of
LYNN WEATHERSPOON,
Deceased,

    Plaintiff,

vs.

MAURICE SODRE, in his official
capacity as a police officer with
Miami Police Department, and
THE CITY OF MIAMI, a political
subdivision of the State of Florida,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS MATTER** comes before the Court upon Defendant Sodre's Motion to Dismiss the Amended Complaint (DE #21), filed April 23, 2014, and Defendants City of Miami's and Sodre's Motion to Dismiss Second Amended Complaint (DE #24), filed May 19, 2014. The Court has been fully briefed as to all Motions.[1] After providing a brief background, the Court shall address the Motions.

## I. BACKGROUND

This action arises from the alleged shooting of Lynn Weatherspoon by a City of

---

[1] With respect to Defendants City of Miami's and Maurice Sodre's Motion to Dismiss, the Court has also considered Plaintiff's Response in Opposition (DE #25), filed on May 29, 2014, and Defendants' Reply to Plaintiff's Response (DE #26), filed on June 9, 2014. No responses or replies were filed to Defendant Sodre's Motion aimed at the Amended Complaint.

1

Miami police officer, Maurice Sodre. Plaintiff's Second Amended Complaint (DE #23) alleges that, on or about January 1, 2011, Defendant Sodre followed Weatherspoon as he walked on the street, prompting Weatherspoon to run out of fear. Plaintiff further alleges that, without provocation or justification, Defendant Sodre fired at least seven shots at Weatherspoon, several of which hit Weatherspoon, killing him. Based on these facts, Plaintiff, as personal representative of the decedent's estate, brought the instant action under 42 U.S.C. § 1983 against Officer Sodre (Count I) and the City of Miami (Count II).

## II.  LEGAL STANDARD ON MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Iqbal*, 556 U.S. at 664. However, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvint*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). If the Court identifies such conclusory allegations, it must then consider whether the remaining allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

## III. DISCUSSION

### A. Defendant Sodre's Motion to Dismiss Amended Complaint

On January 30, 2014, Defendants City of Miami and Manuel Orosa filed a Motion to Dismiss the Amended Complaint (DE #11). This Court issued an Order granting that Motion (DE #16) on April 8, 2014. The causes of action against Defendant Sodre, however, were not contemplated in that Order, as Sodre had yet to enter an appearance in the case. On April 23, 2014, Defendant Sodre filed his own Motion to Dismiss Amended Complaint (DE #21). Before a ruling on Sodre's motion was issued, Plaintiff filed a Second Amended Complaint against all Defendants (DE #23) on May 2, 2014. In response, Defendants City of Miami and Sodre filed a Motion to Dismiss Second Amended Complaint (DE #24) on May 19, 2014. As a result, Defendant Sodre's Motion to Dismiss Amended Complaint (DE #21) is no longer relevant, and therefore denied as moot.

### B. Plaintiff's Official Capacity Claim Against Officer Sodre

"Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Here, Plaintiff sues Sodre only in his official capacity and also sues the City for the same conduct. Thus, the "official capacity" claim in Count I against Defendant Sodre is the functional equivalent of the claim against the

City of Miami in Count II, and is redundant. Accordingly, Count I, as an "official capacity" claim against Defendant Sodre, is dismissed with prejudice.[2]

### C. Plaintiff's Violation of Civil Rights Claim Against the City of Miami

Count II asserts a 42 U.S.C. § 1983 claim for violation of decedent's constitutional rights under the Fourth and Fourteenth Amendments. (DE #23). The Court has already addressed this issue in its previous Order granting a Motion to Dismiss. (DE #16). The Supreme Court has held that Section 1983 actions for excessive force against law enforcement are to be analyzed under the Fourth Amendment's reasonableness standard, rather than the Fourteenth Amendment's due process standard. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). In addition, this Court finds the case law cited by the Plaintiff inapplicable to the instant case. Specifically, Plaintiff cites to *City of Canton, Ohio v. Harris*, 489 U.S. 378, 381 (1989), in which the plaintiff was permitted to pursue a Section 1983 claim under the Fourteenth Amendment by alleging the deprivation of her right to "receive necessary medical attention while in police custody." However, at issue in the instant case is the alleged excessive use of force, not the deprivation of a right to medical attention. As such, this Court finds the aforementioned *Graham v. Connor* rule to be controlling, and, thus, the Plaintiff can proceed solely under the Fourth Amendment. Accordingly, Count II, to the extent that it is based upon alleged violations of decedent's rights under the Fourteenth Amendment, is dismissed with prejudice.

---

[2] Count I also asserts a Section 1983 claim for violation of decedent's constitutional rights under the Eighth Amendment. (DE #23). In his Response in Opposition to Defendant's Motion to Dismiss, Plaintiff concedes he has no claim under the Eighth Amendment. Moreover, the entire count cannot stand as an official capacity suit. As such, Plaintiff's arguments contending the violation of Eighth Amendment rights are regarded as moot.

### D. Plaintiff's Request for Punitive Damages

In his Complaint, Plaintiff seeks punitive damages from Defendants Sodre and City of Miami. Plaintiff cannot pursue punitive damages against Sodre because the official capacity claim against him has been dismissed with prejudice. Additionally, Plaintiff cannot pursue punitive damages against the City of Miami because "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). As the law does not permit the awarding of punitive damages in Section 1983 claims, this Court finds that the Plaintiff is ineligible to receive any in the instant suit. Accordingly, Plaintiff's request for punitive damages must be stricken.

## IV. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendant Sodre's Motion to Dismiss the Amended Complaint **(DE #21)** is **DENIED as moot**;
2. Defendants City of Miami's and Sodre's Motion to Dismiss Second Amended Complaint **(DE #24)** is **GRANTED**;
3. **Count I** of Plaintiff's Second Amended Complaint **(DE #23)** is **DISMISSED with prejudice**;
4. **Count II** of Plaintiff's Second Amended Complaint **(DE #23)**, to the extent that it is based upon alleged violation of the Fourteenth Amendment, is **DISMISSED with prejudice**;
5. Plaintiff's claims for punitive damages are **DISMISSED with prejudice**; and

6. Plaintiff **SHALL** have **twenty (20) days** from the date of this order in which to file a Third Amended Complaint.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 2nd day of July, 2014.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   **All Counsel of Record**